UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANZA TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUSHKIN, INC., a Colorado Corporation, d/b/a ENHANCED NETWORK SYSTEMS, INC.; and AVANT TECHNOLOGY, INC., a Nevada corporation, d/b/a MUSHKIN ENHANCED MFG, <br><br> Defendants. | CIV. NO. 2:17-00656 WBS EFB <br><br> ORDER RE: MOTIONS TO DISMISS OR TRANSFER |

----oo0oo----

Plaintiff Anza Technology, Inc. ("Anza") brought this patent infringement action against Mushkin, Inc. ("Mushkin") and Avant Technology, Inc. ("Avant") based on defendants' alleged use of certain tools and techniques in the manufacture of integrated circuit chips. Mushkin moves for dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)");

1

dismissal for improper joinder under Federal Rule of Civil Procedure 21 ("Rule 21"); or severance and transfer under Rule 21, 28 U.S.C. § 1404(a), or 28 U.S.C. § 1406(a). (Docket No. 29.) Avant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"); dismissal for improper venue under Rule 12(b)(3); or transfer under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). The court held oral argument on the motions on December 18, 2018.

I.   Legal Standard

Under 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." On a motion for improper venue under Rule 12(b)(3), the court need not accept the pleadings as true and may consider supplemental written materials and facts outside the pleadings in deciding the motion. Munns v. Clinton, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) (England, J.) (citing, inter alia, Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004)). The decision to dismiss for improper venue or to transfer venue to a proper court is a matter within the sound discretion of the district court. Munns, 822 F. Supp. 2d at 1079 (citing Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976)).

Venue in patent cases is governed by 28 U.S.C. § 1400(b), rather than the more permissive general venue statute, 28 U.S.C. § 1391. TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1518-19 (2017). Under § 1400(b), patent infringement actions may only be brought in (1) "the judicial

district where the defendant resides" or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

For purposes of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation." TC Heartland, 137 S. Ct. at 1517. "[T]he regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the doing business standard of the general venue provision." In re Cray Inc., 871 F.3d 1355, 1361 (Fed. Cir. 2017). This standard requires that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." Id. at 1361.

II. Analysis

Here, there is no dispute that both Mushkin, a Colorado corporation, and Avant, a Nevada corporation with its principal place of business in Texas, reside outside the Eastern District of California, and therefore venue does not lie under the first prong of § 1400(b). (See 1st Am. Compl. ¶¶ 7, 9.) Nor is there any claim by plaintiff that either Mushkin and Avant have a regular and established place of business in the Eastern District of California, and defendants' evidence shows that they do not. (See Mushkin Mot. Dismiss Stathakis Decl. ¶ 11 (Docket No. 29-2) (stating that Mushkin has no physical place of business, warehouse, inventory, employees or sales representatives, or continual presence in the Eastern District of California); Mushkin Peddecord Decl. ¶ 9 (Docket No. 29-3) (stating that Avant

has no physical place of business, warehouse, inventory, employees or sales representatives, or continual presence in California or Colorado).) Most importantly, plaintiff conceded at oral argument that venue was not proper in the Eastern District of California, and the court agrees.[1]

III. Remedy

Having determined that venue does not lie in the Eastern District of California, the court must determine whether the appropriate remedy is dismissal or transfer. The parties agree that the court may sever the case and transfer plaintiff's claims against Mushkin to the District of Colorado, where Mushkin resides and has a regular and established place of business, and transfer the claims against Avant to the Western District of Texas, where Avant is headquartered. However, defendants prefer that the case be dismissed, while plaintiff prefers that the entire case should be transferred to the Western District of Texas.

It was not apparent that venue was improper in the Eastern District of California at the time this action was filed, before the Supreme Court's decision in TC Heartland. Accordingly, because all parties agree that plaintiff's claims may be brought separately in the District of Colorado and the

---

[1] Because the Eastern District of California is not a proper venue for either defendant, the court will deny defendants' motions and plaintiff's request to transfer to the extent they rely on 28 U.S.C. § 1404(a). See, e.g., Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1181 (9th Cir. 2004) (where venue is improper, defendant may move for dismissal or transfer under § 1406(a), and where venue is proper but inconvenient, defendant may move for change of venue under § 1404(a)).

4

Western District of Texas, and dismissal may reduce any potential recovery by plaintiff due to statute of limitations issues, the court does not find that maintaining this suit after TC Heartland warrants dismissal under Rule 1406(a).

Instead, the court will sever and transfer plaintiff's claims against Mushkin to the District of Colorado, and the claims against Avant to the Western District of Texas. Transfer under § 1406(a) is only permitted "to any district or division in which it could have been brought" and plaintiff has not shown that the case could have been brought against both defendants in the Western District of Texas. See, e.g., Wordtech Sys. Inc. v. Integrated Network Sols., Corp., No. 2:04-cv-01971-TLN, 2014 WL 2987662, at *4 (E.D. Cal. July 1, 2014) (citation omitted) ("When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim.").

Mushkin has provided evidence establishing (1) it is incorporated in and its headquarters and principal place of business are in Colorado; (2) it sold its entire memory components business to Avant in 2012 and is no longer involved in the design, manufacture, assembly, or importation of integrated circuit memory products, including any such products under the Mushkin name, which it no longer uses; (3) it has no co-branding relationship with Avant with respect to Mushkin-branded memory products; and (4) it has never owned or occupied any facility in Texas, including Avant's facility in Pflugerville, and has no regular or continual business presence in Texas. (Stathakis Decl.) Defendants have also provided evidence that Avant

operates under its trade name as Mushkin Enhanced MFG and that since the 2012 asset sale, Avant has been the sole assembler and seller of Mushkin brand memory products under the Mushkin Enhanced MFG name. (Peddecord Decl. ¶¶ 5-8.)

In the face of this evidence, any ambiguity on the mushkin.com website and any ambiguity regarding the asset sale from Mushkin to Avant are insufficient to show that Mushkin has a regular and established place of business in the Western District of Texas. Similarly, the fact that Mushkin has a registered agent with the Texas comptroller does not show that the corporation has a regular and established place of business within Texas. Thus, venue in the Western District of Texas is not proper as to Mushkin, and the court may not transfer the claims against Mushkin to that district. However, because the parties agree that venue is proper as to plaintiff's claims against Mushkin in the District of Colorado and as to plaintiff's claims against Avant in the Western District of Texas, the court will sever and transfer plaintiff's claims to those districts.

IT IS THEREFORE ORDERED that defendants' Motions to dismiss or transfer for improper venue (Docket Nos. 29, 30) be, and the same hereby are, GRANTED. Plaintiff's claims against Mushkin are hereby SEVERED AND TRANSFERRED to the District of Colorado for all further proceedings. Plaintiff's claims against Avant are hereby SEVERED AND TRANSFERRED to the Western District of Texas for all further proceedings.[2] As all claims will be

---

[2] The court expresses no opinion as to whether defendants were properly joined in this suit and whether plaintiff sufficiently alleged its claims for patent infringement against either defendant.

6

transferred out of the Eastern District of California, the Clerk of Court is instructed to close this case after transfer is complete.

Dated: December 20, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE